# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 17, 2018

```
* * * * * * * * * * * * *
MARTHA-HELENE STAPLETON,       *
                               *
          Petitioner,          *    No. 16-1362V
                               *    Special Master Sanders
     v.                        *
                               *    Dismissal; Insufficient Proof; Tetanus-
SECRETARY OF HEALTH            *    Diphtheria-Pertussis ("Tdap") Vaccine;
AND HUMAN SERVICES,            *    Stillbirth
                               *
          Respondent.          *
* * * * * * * * * * * * *
```

<u>Diana Stadelnikas</u>, Maglio Christopher and Toale, PA, Sarasota, FL, for Petitioner.
<u>Sarah Duncan</u>, U.S. Department of Justice, Washington, D.C., for Respondent.

## DECISION[1]

On October 19, 2016, Martha-Helene Stapleton ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program ("Vaccine Program").[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that a Tetanus-Diphtheria-Pertussis ("Tdap") vaccination, which she received on November 1, 2014 when she was 38 weeks pregnant, caused her "to suffer from the loss of her child." Pet. at 1-2, ECF No. 1. The information in the record, however, does not show entitlement to an award under the Program.

On January 17, 2018, Petitioner filed a Motion for a Decision Dismissing the Petition. ECF No. 29. In the motion, Petitioner conceded that "she will be unable to prove that she is entitled to

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compensation in the Vaccine Program." *Id.* at 1. Petitioner's motion states that "Respondent's counsel has no objection to th[e] motion." *Id.* at 2.

To receive compensation under the Program, Petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence that her alleged injuries were caused by the Tdap vaccine.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim, and Petitioner has not filed a supportive opinion from an expert witness. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master